[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
This is an action by one middle school foreign language teacher against another middle school foreign language teacher for alleged defamatory statements written by two middle school students in the school newspaper. On December 1, 1997 this court granted the defendant's motion for summary judgment finding each and every issue for the defendant. This case cried out for a summary judgment.
The defendant did not write or publish the alleged defamatory statements. She was the faculty advisor to the children's newspaper. The student writings complained of are not even on their face defamatory to the plaintiff CT Page 6551 The children's writings complained of, both written by the same two students, are as follows:
 THE HAUNTED HOUSE The sounds of horror and fright were coming from GMS on a windy Friday in October No, it was not the big English test for which you forgot to study. It was the Haunted House. This program consisted of The Maze, The Children of the Corn, The Bridge, The Slumber Party, The Angels of Death, Human Sacrifice and other gory attractions. The kids who participated worked long hours on the program along with their advisor Mrs. Rader.
 Despite the amount of money made, people left unhappy. Tour guides abandoned their groups, some exhibits became unorganized and closed down and other programs plagued their operators. Customers vandalized and stole things in the exhibits and supplies malfunctioned. Although this year the program was the better money maker of the three produced, it became a true learning experience for the next.
 THE HAUNTED HOUSE We would like to share some facts regarding the GMS Haunted House. The event provided an acting experience for 6th 7th and 8th graders. Everyone who was in it spent hours translating their lines into French and Spanish and practicing them. We spoke with several students who were participants. One of the students, Andrew Zarenski, who was in the Frankenstein exhibit, had the following to share. "It was a fun and new experience for the sixth graders. Mrs Rader did a good job helping us and putting it together. The insane asylum was insane in a good, positive way." We would like to thank all participants and in particular Mrs. Rader for putting large amounts of time and effort into helping us do the Haunted House.
There is no rational way this court could find any genuine issue as to any material fact in their largely laudable article written by two children about their observations of the Haunted House and their thanks to the plaintiff for working "long hours" CT Page 6552 and doing a "good job"
The children's writings are simply not defamatory as a matter of law and they cannot be construed as defamatory in any sense. Moreover these were not statements written or published by the defendant!
Even if these children's writings could by some gigantic stretch of the imagination be considered defamatory it would be an even larger stretch to make the defendant as the faculty advisor to the children responsible for their writing and someone else's publishing.
Even if the statements were defamatory and the defendant teacher responsible for the statements, the plaintiff must be able to prove by clear and convincing evidence that the statements were made with actual malice as the plaintiff, as a school teacher, is a public official Kelly v. Bonney,221 Conn. 549, 581 (1992). Based upon all of the foregoing scenario there is nothing that amounts to proof of actual malice.
Even if the statements were defamatory and the defendant teacher responsible for them, the commentary made by the children falls squarely within the doctrine of fair comment.
See Goodrich v. Waterbury Republican-American Inc.,188 Conn. 107, 114 (1982).
The plaintiff claims that as a result of these two relatively innocuous children's articles, that contain praise of her, that she was falsely accused of incompetence in her profession, namely teaching. These articles are totally unrelated to her teaching. The articles pertain to a fund raising Haunted House activity.
The plaintiff also claims that those two student written articles constitute the intentional infliction of emotional distress. Following our case law on the subject, the plaintiff claims that the publishing of the children's writings was "extreme and outrageous". See Garey v. Posi-Seal Intern, Inc.,36 Conn. App. 1, 19 (1994). While the court finds that the plaintiff has not made a sufficient showing on any of the four criteria in Garey, the court specifically finds absolutely that no action or inaction of the defendant could reasonably be construed as a matter of law as extreme or outrageous. CT Page 6553
Finally, the plaintiff claims that the defendant acted negligently and thus breached a duty owed to the plaintiff. Since the defendant did not write or publish the statements complained of, the court can find no "duty" here. The law does not recognize a "duty in the air". Shore v. Stonington, 187 Conn. 147, 151
(1982). Further the defendant, as a matter of law, could not have recognized that such an innocuous child written article would cause anyone to suffer emotional distress.
For all of the foregoing reasons this motion for summary judgment was easily granted by the court.
GILL, J.